**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ARTHUR TERRY WALTERS,

     Plaintiff,

vs.

THE VENETIAN RESORT HOTEL AND CASINO, *et al.*,

     Defendant.

Case No. 2:15–cv–00431–APG–VCF

**ORDER**

   This matter involves *pro se* Plaintiff Arthur Terry Walters' civil action against the Venetian Resort Hotel & Casino. Before the court is Walters's application to proceed *in forma pauperis* (#1[1]), complaint (#1-1), Motion to Amend the Docket (#2), "Stipulation [Foreign Rule Number]" (#3), and "Motion" (#4). For the reasons stated below, Walters's application to proceed *in forma pauperis* is denied, his motions and stipulation are stricken, and he is ordered to pay the court's filing fee by April 2, 2015.

   Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

---

[1] Parenthetical citations refer to the court's docket

1

Here, Walters failed to complete his *in forma pauperis* application. He checked boxes indicating that he is employed, has money in a checking or savings account, and owns stocks. (Doc. #1 at 2). But, Walters failed to state the value of his assets. (*Id*.) Rather, he wrote "See [:] National Print [.]" under each question. (*Id*.) This is inadequate.

The court also strikes Watlers' Motion to Amend the Docket (#2), "Stipulation [Foreign Rule Number]" (#3), and "Motion" (#4). In addition to being premature, these motions are frivolous and vexatious. The motions contain pages of illegible and nonsensical text. For instance, the Motion to Amend the Docket, states, *inter alia*:

> Confirmation [,]Of[,] [My] Use[,] Of[,] Director' [,] Rule[;] Executive Secretary[;] ODNI [;] [703] 733 - 8600 [Superceeds []That[,] Of[,] Director[;] G. Clapper[;] "A" Entity]["Blue Light" [;] Requested [,] For [,] Any [,] Refusal [,] Of[,] Rule [;] Title 50 [;] United States Code [;] General [;] United States Air Force [On [,] Administrative[,] Leave [,] Executive [,] Capacity[;] For [,][My] Court Days [;] Until [:] 3 March 2015 - 15 March 2015][:]
> Motion
> [Amendment [,] To [,] Docket]
> he Following Procedural Motion [,] Is [,] Entered [,] To [,] Amend [,]The [,] Docket [;] Basis [,] Is [,] [A] Request[,] For[,] Foreign Rule[;] An[;] [My] Evocation [ODNI][,] Of[:] The[;] [US] [a] National Security[;] And[;] [b] [US] National Intelligence Acts [Text][[Both] Motions[,] And[,] Complaint][.]
>
> [The] Docket [,] Is [,] Incorrect [,] In [,] That [,] [The] Case Code [;] Must Be [,] That [,] Of[,] That [,] Assigned [,] For[,] Foreign [,] Rule [Case [,] Code [:] 432 [;]An [;]Specialty[;] Category[:] "F"][.] [A] Failure [,] To [,] Docket [,] Based [,] Upon [,] This [,] Data [;] Results [,] In [,] [A] Case [,] Whom' [;] Decision [;] Is [,] Not [,] Based [,] Upon [,] [The] Actual [,] Subject [;] Submitted [Foreign [National] Rule] [Rule [,] Is [,] Applicable [:] [US] Dual Nationals][.]

This continues for forty-two pages. Walters' complaint, stipulation, and motion contain comparable language. The court has inherent authority to strike a party's papers and motions. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (#1-1) is DENIED.

IT IS FURTHER ORDERED that Walters SUBMIT the court's filing fee by April 2, 2015. Failure to submit the filing fee by April 2, 2015 will result in a recommendation that Walters' complaint be dismissed with prejudice.

IT IS FURTHER ORDERED that Walters' Motion to Amend the Docket (#2), "Stipulation [Foreign Rule Number]" (#3), and "Motion" (#4) are STRICKEN.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 20th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE