**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ARTHUR TERRY WALTERS,<br><br>  Plaintiff,<br><br>v.<br><br>THE VENETIAN RESORT HOTEL AND CASINO, et al.,<br><br>  Defendants. | Case No. 2:15–cv–00431–APG–VCF<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION AND DENYING EMERGENCY MOTIONS**<br><br>(Dkt. ## 20, 22, 23, 25) |

This is a lawsuit brought by *pro se* plaintiff Arthur Terry Walters against the Venetian Resort Hotel & Casino.

On June 2, 2015, Magistrate Judge Ferenbach issued a Report & Recommendation recommending that I dismiss Walters' complaint. (Dkt. #20.) Walters did not object to Judge Ferenbach's Report and the time to do so has passed. *See* LR IB 3-1, 3-2. I am not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Ninth Circuit has confirmed that a district court is not required to review a magistrate judge's report and recommendation where no objection has been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Although not required to, I have conducted a de novo review of Judge Ferenbach's Order and affirm it in its entirety.

Judge Ferenbach recommends that I dismiss because Walters has not paid his filing fees. In a prior Order, the Court ordered Walters to pay his filing fees by April 2, 2015. (Dkt. #5.) That Order advised Walters that if he failed to pay his filing fees by the deadline his case may be dismissed. (*Id.*) Two months later Walters has still not paid his fees. His case will be dismissed.

Walters recently filed three emergency motions. (Dkt. ## 22, 23, 25.) Each is unintelligible. They contain a flurry of brackets and legalese that Walters appears to have chosen

at random. These motions fail to satisfy numerous requirements under the local rules for emergency motions. There is no explanation of the emergency nature of the motions. S*ee* L.R. 7-5(d) (requiring emergency motions to include, among other things, an explanation of the emergency). And they fail to include points and authorities. S*ee* L.R. 7-2(d) (explaining that failure to file points and authorities constitutes consent to a denial). Walters' emergency motions are therefore denied.

IT IS THEREFORE ORDERED that plaintiff's motions (Dkt. ## 22, 23, 25) are DENIED.

IT IS FURTHER ORDERED that Magistrate Judge Ferenbach's Report & Recommendation (Dkt. #20) is accepted in its entirety and plaintiff's case is dismissed.

The Clerk of the Court shall enter judgment accordingly and close this case.

DATED THIS 29th day of June, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE